

FILED
SEP 09 2010
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 09-40105-13 |
| | \* | |
| Plaintiff, | \* | |
| | \* | |
| -vs- | \* | REPORT and RECOMMENDATION |
| | \* | |
| JOSE ISABEL RODRIGUEZ | \* | |
| | \* | |
| Defendant. | \* | |
| | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending is Defendant's Motion to Suppress Evidence (Doc. 234). A hearing was held on Friday, August 27, 2010. Defendant was personally present and represented by his counsel of record, Mr. Rick Ramstad. The Government was represented by Assistant United States Attorney Connie Larson. Worthington, Minnesota Police Department Officer Shawn Elsing testified at the hearing. One exhibit was received into evidence. Additionally, both parties have submitted briefs. Based on a careful consideration of all of the evidence, and counsel's written arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Suppress be GRANTED in part and DENIED in part.

## JURISDICTION

Defendant is charged in a Second Superseding Indictment with Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and 846. The pending Motion to Suppress was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated November 29, 2006.

## **FACTUAL BACKGROUND**

The facts are gleaned from both the evidentiary hearing which was held on Friday, August 27, 2010 and the transcript of proceedings which were held on October 12, 2009 in Nobles County, Minnesota. *See* EX 1.

Worthington Minnesota Police Officer Shawn Elsing is assigned to the Buffalo Ridge Drug Task Force. In that capacity, he was involved in the search of Defendant's residence on August 12, 2009. The search warrant authorized the search of the home and the garage, but not of the persons occupying the home. Elsing entered the home behind the "entry team." The Defendant was in the garage of the home when the search began, and was ordered to lie on the floor. By the time Elsing arrived, Defendant was lying on the garage floor. Elsing handcuffed the Defendant and informed the Defendant he was being detained. Elsing helped the Defendant to his feet, then pat-searched him. Elsing performed the pat-search because of safety concerns. In Elsing's experience, guns and other weapons are often associated with drug trafficking offenses. Elsing has often found weapons during the execution of search warrants in the past.

During Elsing's pat down search of the Defendant, he felt a packet containing a granular substance in Defendant's right front pants pocket. Based on Elsing's training and experience, Elsing believed the substance was methamphetamine. Elsing asked the Defendant if there was anything in his pocket that would hurt or poke him. The Defendant indicated there was not. Elsing reached in and removed the packet from Defendant's pocket. The packet appeared to contain crystal meth. The contents later field tested positive for methamphetamine. Elsing's pat search also revealed another baggie of methamphetamine in Defendant's coin pocket.

After finding methamphetamine in Defendant's pocket, Elsing asked Defendant if there were any other narcotics in the house. Elsing had not advised Defendant of his *Miranda* rights before he asked Defendant about narcotics in the house. He was not free to leave. Defendant admitted there was a methamphetamine pipe behind a speaker in the garage where the two men were then located.

2

The garage is attached to the house. Elsing located the pipe behind a speaker, not covered by anything. Elsing opined the pipe would have been found during the normal course of the search which was already underway had Defendant not told him where to find it. Elsing testified that it is his custom to be "very thorough" when he conducts a search. He opens drawers, moves things that are lying on the floor, and in cupboards, etcetera. Given his common practice, therefore, he believes he would have found the pipe without the Defendant's admission.

The pipe field tested positive for methamphetamine. Other items, including a baggies found in the toilet tank[1] and on the floor in the hallway, also field tested positive for methamphetamine. Elsing arrested the Defendant, and he was transported from the scene by a different law enforcement officer.[2] Elsing assisted with the remainder of the search.

At the beginning of the hearing the Government stipulated Mr. Rodriguez's admission regarding the location of the methamphetamine pipe was a custodial statement, given without the benefit of *Miranda* warnings. Mr. Rodriguez (through counsel) stipulated the admission was voluntary.

Defendant Rodriguez moves to suppress (1) any and all evidence related to the seizure of all contraband from his person; and (2) statements made by him contemporaneous with the execution of the search warrant executed on August 12, 2009 at 2341 County Road 33 in Worthington, Minnesota.

---

[1]The substance in this baggie later tested negative for controlled substances.

[2]Under Minnesota law, the discovery of the methamphetamine pipe and the baggie(s) that field tested positive provided probable cause to arrest the Defendant for the felony offense of a fifth degree controlled substance crime to Minn. Stat. § 152.025, subd.2(1).

## DISCUSSION

### Burden of Proof

As a general rule, the burden of proof is on the defendant who seeks to suppress evidence, *United States v. Phillips*, 540 F.2d 319 (8th Cir.1976) but on the government to justify a warrantless search or seizure. *United States v. Bruton*, 647 F.2d 818 (8th Cir.1981). The standard of proof is a preponderance of the evidence. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972).

"It is settled that the burden is on the defendant to establish that the evidence was unlawfully obtained. The government's only burden in admitting a confession into evidence is to show by a preponderance of the evidence that the confession was given voluntarily." *United States v. Guerrero-Herrera*, 590 F.2d 238, 242 (7th Cir. 1978)(citations omitted). *See also, United States v. Bad Hand*, 926 F.Supp. 891, 899 (D.S.D. 1996).

### 1. Defendant's Custodial Statements

"A statement by a defendant in circumstances violating the strictures of *Miranda v. Arizona* is admissible for impeachment purposes if the statement was made voluntarily. The trial court's finding that a statement was voluntary must appear from the record with unmistakable clarity." *Meis v. Wyoming Dept. of Corrections,* 9 F.3d 695, 697 (8th Cir. 1993)(citations omitted). The Ninth Circuit has explained, "[a]lthough a statement, taken in violation of *Miranda*, may not be used substantively in the prosecution's case-in-chief, such a statement, if voluntary, may be used for impeachment should the Defendant testify inconsistently. . . . However, if the statement was procured such that it was involuntary, then the statement is excluded for all purposes." *Pollard v. Galaza*, 290 F.3d 1030, 1033 (9th Cir. 2002)(citations omitted). *See also ,Oregon v. Hass*, 420 U.S. 714, 722-23, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975) (statement given after *Miranda* advisement and suspect had requested an attorney was not admissible in case-in-chief, but was admissible as impeachment evidence, because there was no suggestion the statement was involuntary or coerced).

Because the Government concedes the Defendant's admission about the location of the

4

methamphetamine pipe was custodial and without the benefit of *Miranda*, it is respectfully recommended that the Defendant's Motion to Suppress be GRANTED as to the use of his statements in the Government's case-in-chief. Because the Defendant concedes his statements were voluntary, however, the Government may use them for impeachment purposes at trial. It is respectfully recommended that Defendant's Motion be DENIED as to use of the statements for impeachment purposes.

## 2. Evidence Seized from Defendant's Person

The Government does not attempt to justify the pat-down search but instead asserts the evidence in Defendant's pockets would have been inevitably discovered.

> Evidence found need not be suppressed if the two prongs of the inevitable discovery doctrine are proved by a preponderance of the evidence: (1) there is a reasonable probability the evidence would have been discovered by lawful means in the absence of police misconduct; and (2) the government was actively pursuing a substantial, alternative line of investigation at the time of the constitutional violation.

*United States v. Thomas*, 524 F.3d 855, 858 (8th Cir. 2008).

The Government theorizes that because the items which were properly found during the search of his home would have led to Rodriguez's arrest, he would would have inevitably been searched incident to his arrest and the methamphetamine in his pocket would have been inevitably discovered. This was the theory which was adopted by the Minnesota Appellate Court while this matter remained pending in state court. *See State v. Rodriguez*, 2010 WL 2036039 (Minn. App. May 25, 2010).

Officer Elsing testified even in the absence of the Defendant's admission about the presence of the methamphetamine pipe, the pipe would have been found during the search of the house which was already underway. The pipe was found in the garage. The garage was included in the search warrant which was being executed. Mr. Rodriguez was properly detained during the execution of the search warrant. *Michigan v. Summers*, 452 U.S. 692, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981). "An officer's authority to detain incident to a search is categorical; it does not depend on the

quantum of proof justifying detention or the extent of the intrusion to be imposed by the seizure." *Muehler v. Mena*, 544 U.S. 93, 98, 125 S.Ct. 1465, 1470, 161 L.Ed.2d 299 (2005). Elsing testified it is his practice to thoroughly search the areas included in the search warrant; to open drawers and move things around. The meth pipe was located behind a speaker but was not covered by anything. It would have therefore been inevitably found. The pipe, along with two baggies found inside the home, field tested positive for methamphetamine. Had Defendant not been arrested immediately after his inadmissible admission, therefore, he would have been arrested shortly thereafter anyway pursuant to Minnesota law (Minn. Stat. § 152.025, subd.2(1)) for a felony crime upon the discovery of the pipe and the baggies which contained methamphetamine residue. "If an officer has arrested [an] individual, the officer may search the individual's person incident to that arrest and may reach into his pockets." *United States v. Burtton*, 599 F.3d 823, 830 (8th Cir. 2010)(citations omitted). The drugs in Rodriguez's pockets, therefore, would have been inevitably discovered. Defendant's Motion to Suppress the evidence seized from his person should be DENIED.

## CONCLUSION

For the reasons more fully explained above, it is respectfully recommended to he District Court that Defendant's Motion to Suppress (Doc. 234) be GRANTED in part and DENIED in part as follows: Defendant's Motion to Suppress should be GRANTED as to the use of his statements in the Government's case-in-chief. Because the Defendant concedes his statements were voluntary, however, the Government may use them for impeachment purposes at trial. It is respectfully recommended that Defendant's Motion be DENIED as to use of the statements for impeachment purposes. It is respectfully recommended that Defendant's Motion to Suppress the evidence seized from his person during the search on August 12, 2009, be DENIED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District

Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this __9__ day of September, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By_____, Deputy

(SEAL)